UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LUTZ, ) | CV F 04 5978 AWI SMS |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DISMISS ACTION FOR PLAINTIFF'S |
| ) | FAILURE TO PROSECUTE AND COMPLY |
| v. ) | WITH COURT ORDERS (DOCS. 2, 15) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff is proceeding pro se with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15).

Plaintiff filed the complaint on July 16, 2004. The filing fee for the complaint was paid; thus, service was the obligation of the party. On the same date, the Court issued a scheduling order directing that the complaint be served within twenty days and that the Plaintiff's opening brief issue ninety-five days after the date of filing of the administrative record. The order

1

was served on Plaintiff on July 16, 2004. An informational order issued on July 27, 2004. When Plaintiff failed to file a proof of service, on September 2, 2004, almost a month after the service deadline, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to effectuate service. Plaintiff appeared in response to the order; the Court admonished Plaintiff with respect to the need to comply with the scheduling order, and the Court encouraged Plaintiff to obtain counsel. The order to show cause was discharged, and service was effected in October 2004.

Defendant filed the administrative record on February 2, 2004. Plaintiff failed to file the opening brief, which was due to be filed on May 9, 2005. On June 10, 2005, a month after the brief was due, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to follow an order of the Court and for failure timely to file an opening brief. The order was served on Plaintiff on the same day. The order required Plaintiff to explain by declaration any cause for Plaintiff's failure to file an opening brief; further, it required Plaintiff to appear personally on July 14, 2005. To date, Plaintiff has not filed any response to the order to show cause, an opening brief, or a request for an extension of time. Further, Plaintiff failed to appear when the case was called on July 14, 2005.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District

1 courts have the inherent power to control their dockets and "in
2 the exercise of that power, they may impose sanctions including,
3 where appropriate...dismissal of a case." Thompson v. Housing
4 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
5 action, with prejudice, based on a party's failure to prosecute
6 an action, failure to obey a court order, or failure to comply
7 with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
8 (9th Cir. 1995) (dismissal for noncompliance with local rule);
9 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
10 (dismissal for failure to comply with an order requiring
11 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
12 (9th Cir. 1988) (dismissal for failure to comply with local rule
13 requiring pro se plaintiffs to keep court apprised of address);
14 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
15 (dismissal for failure to comply with court order); Henderson v.
16 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
17 failure to lack of prosecution and failure to comply with local
18 rules).

19      In determining whether to dismiss an action for lack of
20 prosecution, failure to obey a court order, or failure to comply
21 with local rules, the court must consider several factors: (1)
22 the public's interest in expeditious resolution of litigation;
23 (2) the court's need to manage its docket; (3) the risk of
24 prejudice to the defendants; (4) the public policy favoring
25 disposition of cases on their merits; and (5) the availability of
26 less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
27 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
28 1260-61; Ghazali, 46 F.3d at 53.

1  In this case, the Court finds that the public's interest in
2 expeditiously resolving this litigation and the Court's interest
3 in managing the docket weigh in favor of dismissal, as the case
4 has been pending since July 2004. The third factor, risk of
5 prejudice to defendants, also weighs in favor of dismissal, since
6 a presumption of injury arises from the occurrence of
7 unreasonable delay in prosecuting an action. <u>Anderson v. Air</u>
8 <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
9 public policy favoring disposition of cases on their merits -- is
10 greatly outweighed by the factors in favor of dismissal discussed
11 herein. Finally, a court's warning to a party that his failure to
12 obey the court's order will result in dismissal satisfies the
13 "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>,
14 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
15 1424. The Court's order to show cause expressly stated that a
16 failure to respond to the order would result in a recommendation
17 of dismissal. Thus, Plaintiff has received adequate warning that
18 dismissal would result from noncompliance with the Court's order.
19  Accordingly, the Court HEREBY RECOMMENDS that this action be
20 DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
21 Plaintiff's failure to file an opening brief and to comply with
22 the Court's orders.
23  These findings and recommendations are submitted to the
24 United States District Judge assigned to the case, pursuant to
25 the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days
26 after being served with these findings and recommendations, any
27 party may file written objections with the court and serve a copy
28 on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 14, 2005**                         /s/ Sandra M. Snyder
icido3                                                    UNITED STATES MAGISTRATE JUDGE